for fraud in favor of said defendant and against the plaintiff for falsely and fraudulently representing the assets and the character of the management of the Pennsylvania and Kentucky Oil and Gas Refining Corporation, thereby inducing the plaintiff to pay upon the order and direction of the plaintiff $20,000 for 10,000 shares of the stock of said corporation, when in truth and fact the said stock was worthless.

*Hobart S. Bird* and *Frank H. Richmond* for appellant. *Guernsey Price* and *John Edmond Hewitt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

DAYTON M. ROUNDS et al., Respondents, *v.* HERBERT W. FITZGERALD, Appellant.

*Negligence — motor vehicles — collision between van proceed ng along street and truck which approaching from opposite direction turned in front of van to enter intersecting street — erroneous charge.*

*Rounds* v. *Fitzgerald*, 207 App. Div. 534, affirmed.

(Argued October 21, 1924; decided November 25, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 16, 1924, reversing a judgment in favor of defendant entered upon a verdict and granting a new trial. The action was to recover for damage to plaintiff's van arising from a collision with one of defendant's trucks at the corner of State and Eldredge streets in the city of Binghamton. The two vehicles were approaching each other on opposite sides of State street; the van going south, the motor truck going north. As they approached, they were substantially the same distance from the intersection of the two streets and going at substantially the same rate of speed, about fifteen miles per hour. As defendant's truck approached the intersection the driver made a signal by extending his hand. As he reached the intersection he turned abruptly to his left to enter Eldredge street. He proceeded and the

collision occurred on the westerly side of State street. The Appellate Division held that it was error for the trial court in response to a request to charge "that if the jury find that both the plaintiffs and defendant were an equal distance from the center of Eldredge and State streets, both approaching at the same rate of speed, the plaintiffs would be entitled to proceed across that intersection first," to charge that "the same rule applies to both parties, that under the circumstances they were both bound to use the same degree of care and caution that a reasonably prudent man would have used under such circumstances."

*Arthur J. Ruland* and *Charles H. Burnett* for appellant. *Clarence L. Chamberlain* for respondents.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRIEDA DAVIDSON, Respondent, *v.* MOSES SHINDLER, Appellant.

SOLLY DAVIDSON, Respondent, *v.* MOSES SHINDLER, Appellant.

*Negligence — motor vehicles — guests of owner of automobile injured through car starting down hill when left for few minutes by driver.*

*Davidson* v. *Schindler*, 208 App. Div. 801 (2 cases), affirmed.

(Argued October 21, 1924; decided November 25, 1924.)

APPEAL, in the first above-entitled action, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Appeal, in the second above-entitled action, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1924, affirming